**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES MARK HINKLEY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ELDON VAIL; et al., <br><br> Defendants - Appellees. | No. 13-35873 <br><br> D.C. No. 3:12-cv-05969-RBL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

Washington state prisoner James Mark Hinkley appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

constitutional violations arising out of his placement in an 84-hour contraband

watch.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Chappell v. Mandeville*, 706 F.3d 1052, 1057, n.1 (9th Cir. 2013). We may affirm on any basis supported by the record. *Corales v. Bennett*, 567 F.3d 554, 562 (9th Cir. 2009). We affirm.

Summary judgment was proper on Hinkley's Fourth and Fourteenth Amendment claims against defendants Arlow, DeMars, and Carlsen on the basis of qualified immunity because it would not have been clear to every reasonable prison official that placement in an 84-hour contraband watch and warrantless searches for contraband, after discovery of contraband following an extended family visit were unlawful. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080, 2083 (2011) (explaining two-part test for qualified immunity).

The district court properly granted summary judgment on Hinkley's claims against defendants Vail and Russell because Hinkley failed to raise a triable dispute as to whether these defendants personally participated in the alleged constitutional violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (explaining supervisory liability under § 1983).

Summary judgment was proper on Hinkley's Eighth Amendment claim against defendants Arlow and DeMars because Hinkley failed to raise a triable dispute as to whether these defendants knowingly disregarded an excessive risk to his health during the contraband watch. *See Farmer v. Brennan*, 511 U.S. 825, 837

(1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health[.]"); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.").

The district court properly granted summary judgment on Hinkley's Eighth Amendment claim against defendant Carlsen because Hinkley failed to raise a triable dispute as to whether Carlsen's alleged misconduct caused his injuries. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (the causation analysis under § 1983 is "individualized and focus[es] on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation").

The district court did not abuse its discretion in granting defendants' motion for a discovery stay pending the resolution of the qualified immunity issue. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (setting forth standard of review and explaining that a district court has "wide discretion in controlling discovery"). Moreover, Hinkley does not demonstrate how further discovery would have precluded summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (under Fed. R. Civ. P. 56(d), a

party "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

The district court did not abuse its discretion in denying Hinkley's motions to compel because Hinkley did not demonstrate actual or substantial prejudice. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review). Additionally, defendants demonstrated good cause to withhold production of documents relating to confidential informants. *See* Fed. R. Civ. P. 26(c)(1)(A) ("[A] court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including "forbidding the disclosure or discovery[.]").

The district court did not abuse its discretion in denying leave to amend because Hinkley's motion did not comply with the local rules. *See* W.D. Wash. R. 15 (a party must attach a copy of the proposed amended complaint to the motion for leave to amend); *see also Hinton v. Pac. Enters*., 5 F.3d 391, 395 (9th Cir. 1993) (setting forth standard of review).

Hinkley's request for appointment of counsel, set forth in his reply brief, is denied.

**AFFIRMED.**